***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRYAN DOYLE GILREATH, | : | |
| | : | Civil Action No. 11-5228 (MAS) |
| Petitioner, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| GREG BARTKOWSKI, et al., | : | |
| | : | |
| Respondents. | : | |

**SHIPP, District Judge:**

Petitioner Bryan Doyle Gilreath ("Petitioner"), a convicted prisoner in the State of New Jersey, filed the instant Motion for Reconsideration ("Motion"), (ECF No. 31), seeking relief from the Court's September 30, 2014 denial of his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). For reasons stated below, the Court denies the Motion.

### I.      FACTUAL BACKGROUND

As the Court relies on no substantive facts relating to the Petition in the disposition of the instant Motion, familiarity with the facts of this case, as provided by the Court's September 30, 2014 Opinion, (ECF No. 28, "Prior Opinion"), is assumed. The Court will not reiterate any such facts here except to note that they are incorporated by reference herein. The Court's background discussion will focus primarily upon the pertinent procedural history.

After Respondents filed their Response to the Petition, Petitioner filed a Motion to Strike, (ECF No. 25), contending that some of the documents submitted by Respondents as part of their Response are not part of the record of the state court proceedings. Petitioner also filed a Motion for Extension to File a Reply, asking the Court to grant an extension until March 15, 2013 to file

a reply. (ECF No. 22.) The Court granted that Motion for Extension, explicitly stating that "the time for filing Petitioner's reply brief has been extended until March 15, 2013." (ECF No. 27.) There is nothing in the record indicating that Petitioner sought any other extension to file his reply.

In the Prior Opinion, the Court denied the Petition, finding that the state court's denial of Petitioner's claims was not unreasonable. The Court also denied Petitioner's Motion to Strike, finding that the material contested by Petitioner was part of the record, submitted by the State as part of the post-conviction relief proceedings, on matters placed in issue by Petitioner himself. Prior Opinion at 3 n.1. The Court further noted that no reply had been filed by Petitioner. *Id.* at 3.

On October 10, 2014, Petitioner filed a Motion for Extension of Time to File a Motion for Reconsideration. (ECF No. 30.) On November 7, 2014, Petitioner filed said instant Motion.

## II.     DISCUSSION

Petitioner does not state the authority under which he moves for reconsideration. On its face, the Motion may be construed as a motion either under Fed. R. Civ. P. 59(e) or 60(b). However, Rule 59(e) motions "must be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), and the Court cannot extend that time. Fed. R. Civ. P. 6(b)(2); *Lizardo v. United States*, 619 F.3d 273, 276 (3d Cir. 2010). Because the Motion was filed more than 28 days after the Court's order denying the Petition, the Court can only construe the Motion as being filed under Rule 60(b).[1]

Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence,

---

[1]     As such, Petitioner's Motion for Extension of Time to File a Motion for Reconsideration, (ECF No. 30), is dismissed as moot, because the Motion was filed within the time limits set forth in Rule 60(b).

surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). Petitioner alleges that the Court made two mistakes. First, Petitioner contends that the Court "overlooked the fact that Petitioner's motion to strike . . . noted there were thirty-nine documents within Respondent's appendix that were not part of the record below and went beyond the issues raised by Petitioner in his habeas application." (ECF No. 31-1 at 1.) However, as noted above, the Court made the explicit finding that the documents were indeed part of the record. To the extent Petitioner's argument is that those documents were extraneous and "went beyond the issues raised by Petitioner in his habeas application," the Court rejects that argument because the Court can consider any and all records that were before the state court in reviewing a § 2254 petition. *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). As such, the Court denies relief on this ground.

Second, Petitioner contends that the Court failed to allow Petitioner to file a reply. To begin, Petitioner does not have an absolute right to file a reply in a habeas petition. *See* Advisory Committee Notes, Rule 5 of the Rules Governing Section 2254 Cases ("In actual practice, the traverse tends to be a mere pro forma refutation of the return, serving little if any expository function. In the interests of a more streamlined and manageable habeas corpus procedure, it is not required except in those instances where it will serve a truly useful purpose"); *Harris v. Wenerowicz*, No. 11-7750, 2014 WL 4056953, at *2 (E.D. Pa. Aug. 14, 2014) ("[A] petitioner's reply is not a required element of the *habeas corpus* process in federal courts").

Nonetheless, the Court did allow Petitioner to file a reply; Petitioner simply did not. As stated above, Petitioner sought for an extension to file a reply, which the Court granted, extending the time to file such a reply to March 15, 2013. By the time the Court issued its Order denying the Petition on September 30, 2014, more than 18 months had passed after the extended deadline, yet Petitioner had filed no reply. Petitioner now argues in the instant Motion that the Court erred,

because what Petitioner actually requested in his Motion for Extension was to extend the deadline until such time that the Court issued a ruling on Petitioner's Motion to Strike. However, that is not supported by the record of this case. Petitioner's Motion for Extension specifically stated, "petitioner . . . shall move before [the Court] for an order granting petitioner an extension until March 15, 2013, to file a reply in further support of his petition for a writ of habeas corpus." (ECF No. 22.) That motion did not ask for such an extension tied to the Court's issuance of a ruling on the Motion to Strike, nor would the Court have granted any such extension. Furthermore, regardless of what Petitioner thought he requested, the Court's order granting the extension was explicit, that the time to file a reply was extended only until March 15, 2013. If Petitioner needed more time, he could have moved for another extension, and he did not. The Court will not entertain Petitioner's *post factum* assertion of how the Court "erred" in failing to allow Petitioner to file a reply.

Moreover, beyond asserting the aforementioned alleged errors, the rest of Petitioner's brief in support of the instant Motion simply seeks to advance the substantive claims of the Petition. A motion for relief from judgment under Rule 60(b), which seeks to advance one or more substantive claims following denial of a habeas petition, is properly classified as a "second or successive habeas petition" under 28 U.S.C. §2244(b), which requires authorization from the Court of Appeals before filing. *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005); *Blystone v. Horn*, 664 F.3d 397, 413 (3d Cir. 2011). Nothing in the record shows that such authorization has been granted by the Third Circuit. Accordingly, the Court denies relief on this ground.

### III.     CONCLUSION

For the reasons set forth above, the Motion is **DENIED**. Petitioner's Motion for Extension of Time to File a Motion for Reconsideration is **DISMISSED** as moot.

/s/ Michael A. Shipp
Michael A. Shipp, U.S.D.J.

Dated: 5/15/15